Cavanagh, J.
(concurring in part and dissenting in part). I agree with the majority except to the extent it continues to utilize the definition of “substantial and *279 compelling reasons” from People v Fields, 448 Mich 58; 528 NW2d 176 (1995). Ante at 257. I remain committed to the Fields dissent and would not improperly impose limitations on the types of factors a sentencing court may consider.
In Fields, this Court addressed “substantial and compelling reasons” necessary for departure under the controlled substance act, then in effect, and stated that “only those factors that are objective and verifiable may be used to judge whether substantial and compelling reasons exist.” Fields at 62. The Fields dissent conducted an exhaustive review of the case law interpreting “substantial and compelling,” as used in the statute at issue, and the Legislature’s intent in enacting the statute. The dissent also examined the plain language of the statute at issue and pointed out that the Legislature did not specify any limit on the types of factors the sentencing court may consider. Fields at 99 (Cavanagh, J., dissenting). The Legislature only specified that the reasons for a sentencing departure must meet the substantial and compelling threshold. Id. There is nothing in the language of the statute or the legislative history limiting a sentencing judge’s consideration to only “objective and verifiable” factors. Therefore, a sentencing court should consider all the factors and circumstances surrounding an individual case.
Additionally, what rises to the level of substantial and compelling is clearly subjective. “It relates to this defendant and to this sentencing judge, who is examining this individual and this offense.” Id. at 104 (emphasis in original). Thus, the weighing of all the factors and circumstances before the sentencing court includes inherently subjective inquiries.
*280 Further, as was discussed at length in the Fields dissent, the “objective” limitation is unworkable. See, e.g., Id. at 95-96, 101-102, 103-104, 105-106. There are certain factors, such as a defendant’s remorse or a defendant’s family support, that may be considered objective by one sentencing judge and subjective by another. The dissent in Fields stated, “[t]he better test is whether the sentencing judge is satisfied that the nature and extent of the defendant’s remorse [or family support] are substantial and compelling reasons to support a sentencing departure.” Id. at 105. I remain committed to the position that the “objective” criteria utilized by this Court is unworkable.
Therefore, while I agree with the remainder of the majority opinion, I must dissent to the extent this Court continues to employ the Fields “objective” definition of “substantial and compelling reasons.”